# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MEGAN M. JAMES; WILLIAM A. LESTER; ANGELA PEASE, individually and on behalf of others similarly situated, | Civil Action No. __2:19-cv-53___ |
| Plaintiffs, | |
| v. | |
| SERVICE EMPLOYEES INTERNATIONAL UNION, LOCAL 668; STEVE CATANESE, in his official capacity as President of Service Employees International Union, Local 668; COMMONWEALTH OF PENNSYLVANIA, DEPARTMENT OF LABOR AND INDUSTRY; W. GERARD OLEKSIAK, in his official capacity as Secretary of the Pennsylvania Department of Labor and Industry; THOMAS W. WOLF, in his official capacity as Governor of the Commonwealth of Pennsylvania; MICHAEL NEWSOME, in his official capacity as Secretary of the Pennsylvania Office of Administration; ANNA MARIA KIEHL, in her official capacities as Chief Accounting Officer for the Commonwealth of Pennsylvania and Deputy Secretary for the Office of Comptroller Operations, | **COMPLAINT—CLASS ACTION** |
| Defendants. | |

AND NOW come Plaintiffs Megan M. James, William A. Lester, and Angela

Pease, by and through their undersigned attorneys, and state the following claim for

relief against Defendants Service Employees International Union, Local 668 ("Local

1

668"); Steve Catanese, in his official capacity as President of Local 668;

Commonwealth of Pennsylvania, Department of Labor and Industry; W. Gerard

Oleksiak, in his official capacity as the Secretary of the Pennsylvania Department of

Labor and Industry; Thomas W. Wolf, in his official capacity as Governor of the

Commonwealth of Pennsylvania; Michael Newsome, in his official capacity as

Secretary of the Pennsylvania Office of Administration; and Anna Maria Kiehl, in her

official capacities as the Chief Accounting Officer for the Commonwealth of

Pennsylvania and Deputy Secretary for the Office of Comptroller Operations, and

aver as follows:

### SUMMARY OF THE CASE

1.     This is a civil rights action pursuant to 42 U.S.C. § 1983 for permanent
injunctive, declaratory, and monetary relief to redress and to prevent the deprivation
of rights, privileges, and/or immunities under the First and Fourteenth Amendments
to the United States Constitution caused by statutes and Defendants' contracts,
policies, and practices that prohibit Local 668 members from resigning from Local
668 except during one 15-day period over the term of a relevant collective bargaining
agreement.

2.     In so doing, Defendants have acted under the color of state law,
specifically, the state's Public Employe Relations Act ("PERA"), 43 P.S. §§ 1101.101–
1101.2301, and/or other state laws and are therefore state actors.

3.     Pursuant to PERA and "Article 2 Union Security" of a collective bargaining agreement between the Commonwealth of Pennsylvania and Local 668, executed April 6, 2017, which sets forth terms and conditions of employment for certain public employees, including Plaintiffs, from July 1, 2016 to June 30, 2019 ("CBA"), Defendants have deprived, are depriving, and are threatening to continue to deprive Plaintiffs of their constitutional rights. Specifically, Local 668, acting in concert with the Commonwealth of Pennsylvania, through their respective named officers and officials, requires Plaintiffs to maintain their membership in Local 668 and its affiliates by restricting their right to resign from union membership and to end all aspects of union membership, including the payment of union dues, and by refusing to acknowledge and/or accept their resignation, all under the color of state law.

4.     Despite Plaintiffs' resignations from Local 668, Defendants continue to deduct union dues or the equivalent thereof from Plaintiffs' wages; thus, in addition to injunctive and declaratory relief, Plaintiffs seek compensatory and nominal damages for the violation of their First and Fourteenth Amendment rights as well as attorneys' fees and costs pursuant to 42 U.S.C. § 1988.

## JURISDICTION AND VENUE

5.     This action arises under the Constitution and laws of the United States of America. It also arises under the Federal Civil Rights Act of 1871, 42 U.S.C. § 1983, to redress the deprivation, under color of state law, of Plaintiffs' rights, privileges, and

immunities under the Constitution of the United States, and particularly the First and Fourteenth Amendments thereto.

6.      The Court has jurisdiction over Plaintiffs' claims pursuant to 28 U.S.C. § 1331—because their claims arise under the United States Constitution—and 28 U.S.C. § 1343—because they seek relief under 42 U.S.C. § 1983.

7.      This action is an actual controversy in which Plaintiffs seek a declaration of their rights under the Constitution of the United States. Pursuant to 28 U.S.C. §§ 2201 and 2202, this Court may declare Plaintiffs' rights and grant further necessary and proper relief, including injunctive relief pursuant to Federal Rule of Civil Procedure 65.

8.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), because one or more Defendants operate in or do significant business in this judicial district and/or have offices in this judicial district. Additionally, a substantial part of the events giving rise to this action occurred in this judicial district.

## PARTIES

9.      Plaintiff Megan M. James is, and was at all times relevant hereto, a "Public employe," 43 P.S. § 1101.301(2), and "Commonwealth employe," 43 P.S. § 1101.301(15), employed by the Commonwealth of Pennsylvania under its agency, the Department of Labor and Industry, at the Bureau of Disability Determination located in Greensburg, Pennsylvania, as a disability claims adjudicator in a bargaining unit represented, exclusively for purposes of collective bargaining, by Local 668. Ms. James

was a member of Local 668, but she has not been a member of Local 668 since the date of her resignation letter.

10.     Plaintiff William A. Lester is, and was at all times relevant hereto, a "Public employe," 43 P.S. § 1101.301(2), and "Commonwealth employe," 43 P.S. § 1101.301(15), employed by the Commonwealth of Pennsylvania under its agency, the Department of Labor and Industry, at the Bureau of Disability Determination located in Greensburg, Pennsylvania, as a disability claims adjudicator in a bargaining unit represented, exclusively for purposes of collective bargaining, by Local 668. Mr. Lester was a member of Local 668, but he has not been a member of Local 668 since the date of his resignation letter.

11.     Plaintiff Angela Pease is, and was at all times relevant hereto, a "Public employe," 43 P.S. § 1101.301(2), and "Commonwealth employe," 43 P.S. § 1101.301(15), employed by the Commonwealth of Pennsylvania under its agency, the Department of Labor and Industry, at the Bureau of Disability Determination located in Greensburg, Pennsylvania, as a disability claims adjudicator in a bargaining unit represented, exclusively for purposes of collective bargaining, by Local 668. Ms. Pease was a member of Local 668, but she has not been a member of Local 668 since the date of her resignation letter.

12.     Defendant Local 668 is an "Employe organization," 43 P.S. § 1101.301(3), and "Representative," 43 P.S. § 1101.301(4), within the meaning of PERA. Local 668 represents certain employees of the Commonwealth of

Pennsylvania , including the Plaintiffs, exclusively for purposes of collective bargaining with the Commonwealth. Local 668 maintains a place of business at 2589 Interstate Drive, Harrisburg, Pennsylvania, and conducts its business and operations throughout the Commonwealth of Pennsylvania, including the Western District of Pennsylvania.

13.    Defendant Steve Catanese is the President of Local 668 and is sued in his official capacity.

14.    Defendant Commonwealth of Pennsylvania, Department of Labor and Industry, is a "Public employer" within the meaning of PERA, 43 P.S. § 1101.301(1). The Commonwealth of Pennsylvania under its agency the Department of Labor and Industry employs Plaintiffs as disability claims adjudicators at the Bureau of Disability Determination in Greensburg, Westmoreland County, Pennsylvania.

15.    Defendant W. Gerard Oleksiak, Secretary of the Department of Labor and Industry, leads and is generally responsible for the operations of the Pennsylvania Department of Labor and Industry. He is sued in his official capacity.

16.    Defendant Thomas W. Wolf is Governor of the Commonwealth of Pennsylvania and is generally responsible for the operations of the Commonwealth and the enforcement of its laws, including labor relations. The Commonwealth is a "Public employer" within the meaning of PERA, 43 P.S. § 1101.301(1). Through its officers and agents, the Commonwealth negotiated for and entered into the CBA with Local 668. Governor Wolf is sued in his official capacity.

6

17.     Defendant Michael Newsome is Secretary of the Office of Administration. On information and belief, Mr. Newsome's predecessor, Sharon P. Minnich, negotiated for, entered into, and is the signatory on behalf of the Commonwealth of Pennsylvania to the collective bargaining agreement governing the terms and conditions of employment for Plaintiffs. In addition, on information and belief, Mr. Newsome is responsible for human relations for Commonwealth employees. Mr. Newsome is sued in his official capacity.

18.     Defendant Anna Maria Kiehl, Chief Accounting Officer for the Commonwealth of Pennsylvania and Deputy Secretary for the Office of Comptroller Operations, is responsible for, among other duties, issuing wages to employees of the Commonwealth of Pennsylvania, including to Plaintiffs. She oversees the payroll system for the Commonwealth of Pennsylvania, which includes processing all payroll deductions, including union dues pursuant to the requirements of "Article 2 Union Security" and "Article 3 Dues Deduction" of the CBA. She is sued in her official capacity.

## CLASS ACTION STATEMENT

19.     Plaintiffs bring this case as a class action pursuant to Federal Rules of Civil Procedure 23(b)(1)(A) and 23(b)(2) and, alternatively, 23(b)(3), for themselves and for all others similarly situated. The class that Plaintiffs seek to represent consists of all former, current, and future public employees employed by the Commonwealth of Pennsylvania and represented exclusively by Local 668 for purposes of collective

bargaining whose attempt(s), from January 17, 2017, and subsequent, to resign their Local 668 membership were denied by one or more of the Defendants.

20.     Upon information and belief, Plaintiffs estimate the class size to be at least 100 individuals. As such, the number of individuals in the class is so numerous and in varying locations and jurisdictions across the Commonwealth of Pennsylvania that joinder is impracticable.

21.     There are questions of law and fact common to all class members, including Plaintiffs. These questions include whether one or more of the Defendants violated Plaintiffs' and the class members' constitutional rights of due process, free speech, and association under the First and Fourteenth Amendments of the United States Constitution when they: (a) rely/relied upon or enforce/enforced Pennsylvania's statutory authorization of maintenance of membership, at title 43, sections 1101.301(18), 1101.705, and/or 1101.401, of the Pennsylvania Statutes, and whether those statutory provisions are constitutional; (b) enforce/enforced the maintenance of membership provision, Article 2, Section 1 of the CBA, against Plaintiffs and the class members; and/or (c) deny/denied Plaintiffs' and class members' resignations from Local 668 membership.

22.     Plaintiffs' claims are typical of those of the class members, because all class members have been subject to the same deprivation of their rights by the statutory authorization and CBA requirement of maintenance of membership and the

Defendants' refusal to accept Plaintiffs' and class members' resignations from Local 668 membership.

23. Plaintiffs will fairly and adequately represent the interests of the class members. They have no conflict with the class members who also have taken an affirmative action to resign their Local 668 membership. Plaintiffs have also retained class counsel adequate to represent both themselves and the class.

24. The Pennsylvania Statutes' authorization of maintenance of membership, *see* 43 P.S. § 1101.301(18); 43 P.S. § 1101.705; 43 P.S. § 1101.401, and the CBA's maintenance of membership provision in Article 2, Section 1, upon which the Defendants rely in whole or in part to deny Plaintiffs' and class members' requests to resign Local 668 membership apply equally to Plaintiffs and all class members. The prosecution of separate actions by those individual class members would create a risk of inconsistent and varying adjudications, which would establish incompatible standards of conduct for Defendants.

25. Defendants have acted and continue to act in concert to deprive Plaintiffs and each class member of his or her constitutional and civil rights on the same purported grounds, which are generally applicable and make declaratory, injunctive, and other relief appropriate for all Plaintiffs and class members.

26. Alternatively, the questions of law or fact raised in this Complaint concerning the constitutional and civil rights of employees who have sought to resign

9

union membership are common to Plaintiffs and the class members and predominate over any questions affecting an individual class member.

27.     A class action is superior to other available methods for fair and efficient adjudication of the controversies, in that Plaintiffs and class members are deprived of the same constitutional and civil rights by the Pennsylvania statutes and CBA provisions authorizing maintenance of membership and by Local 668's refusal to acknowledge union resignations and continued collection of dues, differing only in immaterial aspects of their factual situations. The limited amount of money at stake for each individual class member makes it burdensome for Plaintiffs and class members to maintain individual, separate actions.

28.     Defendants' actions against all class members were taken pursuant to the same statutory authorization and CBA provisions, as well as Defendants' policies and procedures, and constitute a concerted scheme that results in the violation of Plaintiffs' and class members' rights.

29.     Plaintiffs are currently unaware of any similar litigation concerning the controversy set forth in this Complaint filed either by Plaintiffs and/or class members or filed against Plaintiffs and/or class members.

30.     The chosen forum, the United States District Court for the Western District of Pennsylvania, is the most desirable forum for this action as the action raises federal questions, over which a federal district court has proper jurisdiction. Furthermore, a significant amount of the actions giving rise to the controversy set

forth herein arise in full or in large part in the Western District of Pennsylvania, and at least some of the Defendants reside and/or maintain offices and conduct significant business herein.

31.     Plaintiffs do not anticipate or foresee any difficulties in managing this action as a class action. Plaintiffs have retained counsel experienced in the particular issues and areas of law raised in this action and lead counsel experienced in litigating and managing class actions of this nature. Furthermore, Plaintiffs' attorneys are provided to them and class members pro bono by a public interest non-profit law firm based in Pennsylvania that provides free legal aid to individuals such as Plaintiffs and class members. These attorneys are experienced in representing public employees in federal civil rights litigation, having litigated constitutional and statutory cases in this area of law. These attorneys are best able to represent the interests of the class members and will fairly, zealously, and adequately do so.

32.     At this time, Plaintiffs do not anticipate the need for any notice to class members if this action is certified pursuant to Rules 23(b)(1) or (b)(2) of the Federal Rules of Civil Procedure. If certified as a class action under Rule 23(b)(3) of the Federal Rules of Civil Procedure, Plaintiffs anticipate that notice would be sent to class members via first-class, U.S. mail and electronic means, addressed to all class members' last known mailing and electronic mail address on file with Defendants.

## FACTUAL ALLEGATIONS

33.    Acting in concert under color of state law, the Commonwealth of Pennsylvania, controlled by Governor Wolf, Secretary Newsome, and Secretary Oleksiak, in their official capacities, and Local 668 entered into the CBA, which controls the terms and conditions of Plaintiffs' employment. The CBA is attached hereto as "Exhibit A," and incorporated by reference herein.

34.    The Commonwealth and Local 668 agreed to the term of the CBA, which is July 1, 2016, through June 30, 2019.

35.    Pursuant to PERA, the CBA contains a "Union Security" article, which prohibits union members from resigning their union membership when and how they see fit, and provides in relevant part that:

> **Section 1.** Each employee who, on the effective date of this Agreement, is a member of the Union, and each employee who becomes a member after that date *shall maintain membership in the Union*, provided that such employee may resign from the Union, in accordance with the following procedure:
>
> a. The employee shall send a certified letter (Return Receipt Requested) of resignation to the headquarters of the Union and a copy of the letter to the employee's agency. The official membership card, if available, shall accompany the letter of resignation.
>
> b. The letter referred to in a. above shall be post-marked during the fifteen (15) day period prior to the expiration date of this Agreement and shall state that the employee is resigning membership in the Union and where applicable, is revoking check-off authorization.
>
> c. It is understood by the parties that a member's status shall not change as a result of a member accepting a promotion to a position within this bargaining unit,

transferring to a new work location, or returning from an extended leave.

Ex. A, CBA art. 2, § 1 (emphasis added).

36.    The CBA's maintenance of membership requirement mirrors in substantive part PERA's maintenance of membership provision, which states,

> (18) "Maintenance of membership" means that all employes who have joined an employe organization or who join the employe organization in the future must remain members for the duration of a collective bargaining agreement so providing with the proviso that any such employe or employes may resign from such employe organization during a period of fifteen days prior to the expiration of any such agreement.

43 P.S. § 1101.301(18). PERA also provides,

> Membership dues deductions and maintenance of membership are proper subjects of bargaining with the proviso that as to the latter, the payment of dues and assessments while members, may be the only requisite employment condition.

43 P.S. § 1101.705. PERA explicitly limits the rights of public employees as to "maintenance of membership":

> It shall be lawful for public employes to organize, form, join or assist in employe organizations or to engage in lawful concerted activities for the purpose of collective bargaining or other mutual aid and protection or to bargain collectively through representatives of their own free choice and such employes shall also have the right to refrain from any or all such activities, except as may be required pursuant to a maintenance of membership provision in a collective bargaining agreement.

43 P.S. § 1101.401.

37.     Thus, the terms of both the CBA and PERA limit a union member's right to resign from Local 668 to only the 15-day window immediately preceding the expiration of the CBA.

38.     Further, the CBA's Article 3 provides that the Commonwealth will deduct union dues and "fair share" fees. Ex. A, CBA art. 3.

39.     In accordance with Article 2, Section 1, of the CBA, Plaintiffs each sent a certified letter, return receipt requested, with their union membership card (or noting that the card was unavailable), to Local 668's headquarters at 2589 Interstate Drive, Harrisburg, Pennsylvania.

40.     Said letters were mailed between July 22 and 25, 2018, and notified the union that Plaintiffs resigned from Local 668 union membership, effective immediately, and included a demand that Local 668 cease having union dues deducted from their wages.

41.     Plaintiffs jointly sent multiple inquiries via email to various Commonwealth employee relations officials, seeking assistance in ceasing the deduction of union dues, but were ultimately told that the CBA prevented their resignation.

42.     Plaintiffs were also told by employees at the Commonwealth Human Relations Service Center that because their resignation was prohibited by the CBA, their Commonwealth employer did not need a copy of their union resignation.

14

Plaintiffs nevertheless sent copies of their resignation letters by facsimile and email to their employer.

43.      Plaintiffs then sent an email to Defendant Catanese, asking him to contact the Commonwealth to cease deduction of dues, but Defendant Catanese did not respond.

44.      On October 26, 2018, Local 668 mailed identical letters to each of the Plaintiffs, informing them that the CBA did not allow resignation from union membership until June 16, 2019, 15 days before the expiration of the term of the current CBA. A copy of each letter is attached hereto as "Exhibit B," and incorporated by reference herein.

45.      Continually since on or about July 22, 2018, Ms. Kiehl, in her role overseeing the Office of the Comptroller, has continued to deduct purported union dues from Plaintiffs' wages. On information and belief, Ms. Kiehl has also continued to deduct purported union dues from class members' wages.

46.      Continually since on or about July 22, 2018, Local 668 has continued to take, receive, and/or accept purported union dues from Plaintiffs' wages. On information and belief, Local 668 has also continued to take, receive, and/or accept purported union dues from class members' wages.

47.      Local 668 continues to consider Plaintiffs and class members to be Local 668 union members, despite Plaintiffs' and class members' efforts to resign membership in Local 668 and its affiliates.

15

48.     Defendants have taken and continue to take and have accepted and continue to accept purported union dues from Plaintiffs' and class members' wages despite the fact that seizures of purported union dues from their wages are against Plaintiffs' and class members' wills and without their consent.

49.     Plaintiffs object to the compelled association and speech inherent with and financial subsidization of any activities of Local 668 and its affiliates for any purpose.

### CLAIM FOR RELIEF—COUNT I
(Violation of 42 U.S.C. § 1983 and
the Constitution of the United States)

50.     Plaintiffs re-allege and incorporate by reference all allegations contained in the foregoing paragraphs of this Complaint as if fully set forth herein.

51.     The First and Fourteenth Amendments to the Constitution of the United States protect the associational, free speech, and free choice rights of United States citizens.

52.     The Supreme Court recently held, in *Janus v. AFSCME, Council 31*, 138 S. Ct. 2448, 2486 (2018), that the Constitution prohibits unions from collecting union dues or fees from public employees who are not members of the union without their affirmative consent.

53.     There is no state interest, compelling or otherwise, justifying the state's requirement that individuals remain members of a private organization, including a labor organization, for any length of time.

16

54.     The "Union Security" article of the CBA, Ex. A, on its face and/or as applied by Defendants, permits Local 668 to require that employees remain union members throughout the life of the CBA and, therefore, violates the limited constitutional authorization for exclusive representation by public-sector unions under the First Amendment, as set forth in relevant Supreme Court caselaw.

55.     PERA and the "Union Security" article of the CBA, on their faces and/or as applied by Defendants, permit Local 668 to require that employees maintain unwilling allegiance to Local 668 throughout the life of the CBA and are, therefore, unconstitutional. This forced membership requirement impinges on Plaintiffs' and class members' exercise of their rights to free association, self-organization, assembly, petition, and freedoms of speech, thought, and conscience, as guaranteed by the First and Fourteenth Amendments to the Constitution of the United States.

56.     PERA and the "Union Security" article of the CBA, on their faces and/or as applied by Defendants, authorize Defendants to violate Plaintiffs' and class members' constitutional rights by withholding union dues or fees from them without their consent, in violation of the United States Constitution as explained in *Janus*, 138 S. Ct. 2448.

57.     As a direct result of Defendants' actions taken under PERA and the CBA, Plaintiffs and class members:

      a.    have been prevented from exercising their rights and privileges as citizens of the United States to disassociate from and no longer support the agenda and expenses of a private organization with which they no longer agree and/or to which they no longer wish to belong as a member;

      b.    have been deprived of their civil rights guaranteed under the statutes of the United States and have suffered monetary damages and other harm;

      c.    are in imminent danger of being deprived of their civil rights guaranteed under the Constitution and statutes of the United States and are in imminent danger of suffering monetary damages and other harm; and

      d.    are in imminent danger of suffering irreparable harm, damage, and injury inherent in the violation of First and Fourteenth Amendment rights, for which there is no adequate remedy at law.

58.    If not enjoined by this Court, Defendants and/or their agents will continue to effect the aforementioned deprivations and abridgments of Plaintiffs' and class members' constitutional rights, thereby causing irreparable harm, damage, and injury for which there is no adequate remedy at law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray that this Court order the following relief:

A.    **Certification:** An order, as soon as practicable, certifying this case as a class action, certifying the class as defined in this Complaint, certifying Plaintiffs as class representatives, and appointing Plaintiffs' counsel as class counsel;

B.      **Declaratory:** A judgment based upon the actual, current, and *bona fide* controversy between the parties as to the legal relations among them, pursuant to 28 U.S.C. § 2201 and Federal Rule of Civil Procedure 57, declaring:

      i.      that the "Union Security" article of the CBA, Exhibit A, Article 2, between the Commonwealth of Pennsylvania and Local 668, on its face and/or as applied, unconstitutionally abridges Plaintiffs' and class members' rights under the First and Fourteenth Amendments to the Constitution of the United States;

      ii.     that PERA provisions 43 P.S. §§ 1101.301(18), 1101.401, and 1101.705, to the extent they relate to and/or authorize maintenance of membership, on their face and/or as applied, violate the First and Fourteenth Amendments to the United States Constitution; and

      iii.    that the First and Fourteenth Amendments prevent Defendants from restricting Plaintiffs' and class members' right to resign from union membership at any time.

C.      **Injunctive:** A permanent injunction:

      i.      enjoining Defendants, their officers, employees, agents, attorneys, and all others acting in concert with them, from:

            a.      engaging in any of the activities listed in Part B above, which the Court declares illegal;

b.       enforcing the "Union Security" article of the CBA, Exhibit

A, Article 2, or any subsequent substantially similar provision

between Local 668 and the Commonwealth of Pennsylvania,

which requires Plaintiffs and class members to remain members

of Local 668 for the duration of a collective bargaining agreement.

ii.       requiring Defendants, their officers, employees, agents, attorneys,

and all others acting in concert with them, to:

a.       expunge the "Union Security" article of the CBA, Exhibit

A, Article 2, between Local 668 and the Commonwealth of

Pennsylvania;

b.       honor Plaintiffs' and class members' requests to resign

from union membership, retroactive to the date of their

resignations; and

c.       refund to Plaintiffs and class members all union dues

deducted from their wages from the date of their resignations,

plus interest thereon.

D.       **Monetary:** A judgment against Local 668 awarding Plaintiffs and class

members nominal and compensatory damages for the injuries sustained as a result of

Defendants' unlawful interference with and deprivation of their constitutional and

civil rights including, but not limited to, the amount of dues deducted from their

wages after their resignations, plus interest thereon, and such amounts as principles of justice and compensation warrant.

       E.    **Attorneys' Fees and Costs:** A judgment against Local 668 awarding Plaintiffs' costs, including reasonable attorneys' fees under 42 U.S.C. § 1988;

       F.    **Jurisdiction:** An order retaining jurisdiction over this action for a reasonable period of time after entering a final judgment to ensure Local 668 and the Commonwealth comply with the Orders of this Court; and

       G.    **Other:** Such other and further relief as the Court may deem just and proper.

Respectfully submitted,

THE FAIRNESS CENTER

Dated: January 17, 2019
      *s/ Nathan J. McGrath*
      Nathan J. McGrath
      PA 308845
      E-mail: njmcgrath@fairnesscenter.org
      THE FAIRNESS CENTER
      500 North Third Street, Floor 2
      Harrisburg, Pennsylvania 17101
      Phone: 844.293.1001
      Facsimile: 717.307.3424
      *Attorney for Plaintiffs and other*
      *similarly situated individuals*